UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

CRYSTAL JOHNSON,

    Plaintiff,

v.

ECONOMY MOTORS, INC., d/b/a
JACKSONVILLE TRUCK CENTER,
a Florida Profit Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, CRYSTAL JOHNSON ("JOHNSON" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, ECONOMY MOTORS, INC. d/b/a JACKSONVILLE TRUCK CENTER. (hereinafter "JTC" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the

actions which give rise to Plaintiff's claims happened within the Middle District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Clay County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an Internet Sales and Finance Manager.

6. Plaintiff is a female who experienced disparate treatment, hostile work environment, and retaliation on the basis of her sex and national origin. Plaintiff is therefore a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex, Female and the national origin of the person she was dating while employed with Defendant, Egyptian.

7. Defendant is a Florida Profit Corporation registered to do business within Florida, with its principal place of business in Duvall County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about February 4, 2020, which was no more than 300 days after the last discriminatory event occurred, to wit: November 4, 2019.

11. Plaintiff was issued a Notice of Suit Rights on March 12, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendant as a Internet Sales and Finance Manager from on or about April 2017 until her termination on November 4, 2019.

13. During Plaintiff's employment with Defendant, Plaintiff's supervisor was Jason Little ("Little"), who is male and sexually harassed Plaintiff.

14. Throughout her employment, Little constantly ridiculed, made unwelcomed comments, and asked completely inappropriate questions about Plaintiff's dating life.

15. Plaintiff was questioned about her love life by Little almost daily. Little posed offensives questions such as when she was going to settle down, why she couldn't keep a man, and why her marriage failed.

16. Little also told Plaintiff that she should try marriage again and that she would make a good wife one day.

17. Further, Little continually made derogatory comments to Plaintiff about who Plaintiff was dating. Specifically, Little made inappropriate statements about the ethnicity of the person Plaintiff was dating because he was Egyptian.

18. Little called Plaintiff's dating partner a terrorist and told Plaintiff she would be dragged to Iraq one day. Little also asked Plaintiff where she had her burka.

19. Plaintiff told Little that his offensive comments and questions were unwelcomed and asked him to stop.

20. After Plaintiff confronted Little about his unwelcomed and offensive comments, the harassment got worse and other people began to harass Plaintiff including Little's wife and a co-worker.

21. Little's wife called Plaintiff in the middle of the night accusing Plaintiff of "sleeping with" Little and posted defamatory comments about Plaintiff on her social media implying that Plaintiff was a whore.

22. A newly hired co-worker, emboldened by Little's conduct, called Plaintiff a "super-slut" in front of Little.

23. Little managed Defendant's office and the company did not have a human resources department.

24. Plaintiff needed her job with Defendant and therefore was forced to endure the hostile work environment that Little created which ultimately led to her termination.

25. On or about November 4, 2019, Plaintiff was advised that she was terminated due to a difference of opinion on how to deal with a customer, which was pretextual.

26. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex was, at minimum, a motivating factor in Defendant's decision for her termination[1].

27. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON SEX)

29. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

30. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of sex.

31. Plaintiff is a member of a protected class, to wit, female.

32. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced discriminatory treatment from her direct supervisor, Little, due to Plaintiff's sex.

33. Little constantly treated Plaintiff less favorably than Plaintiff's male co-workers. Specifically, Little ridiculed Plaintiff and made constant unwelcomed and offensive comments and questions about Plaintiff's love life but did not make such comments to Plaintiff's male co-workers.

34. Due to the disparate treatment inflicted on Plaintiff on the basis of her sex, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

35. On or about November 4, 2019, Plaintiff was advised that she was terminated due to a difference of opinion as to how to handle a dispute with a customer, which was pretextual.

36. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex was, at minimum, a motivating factor in Defendant's decision for her termination.

37. Defendant's supervisor, Little, acted with intentional disregard for Plaintiff's rights as female protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

39. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

41. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of national origin.

42. Plaintiff is a member of a protected class, to wit, a female whose dating partner was of Egyptian decent.

43. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced discriminatory treatment from her direct supervisor, Little, due to the national origin of the person Plaintiff was dating while employed with Defendant.

44. Little constantly treated Plaintiff less favorably than Plaintiff's male co-workers whose companions were not of Egyptian decent. Specifically, Little ridiculed Plaintiff and made constant unwelcomed and offensive comments and questions about the ethnicity of Plaintiff's dating partner but did not make such comments to Plaintiff's male co-workers whose companions were not of Egyptian decent.

45. Due to the disparate treatment inflicted on Plaintiff on the basis of her dating partner's national origin, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

46. On or about November 4, 2019, Plaintiff was advised that she was terminated due to a difference of opinion as to how to handle a dispute with a customer, which was pretextual.

47. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's dating partner's national origin was, at minimum, a motivating factor in Defendant's decision for her termination.

48. Defendant's supervisor, Little, acted with intentional disregard for Plaintiff's rights as female whose dating partner was of Egyptian decent protected under Title VII.

Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees.

49. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

50. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

    e. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

    f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    g. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (HOSTILE WORK ENVIRONMENT – SEXUAL HARASSMENT)

51. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

52. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Defendant's supervisor inflicted on Plaintiff.

53. Plaintiff is a member of a protected class, to wit, female.

54. Since the beginning of Plaintiff's employment with Defendant, Plaintiff was subjected to constant and continual offensive and unwelcomed sexually discriminatory conduct from her direct supervisor, Little, due to Plaintiff's sex and/ or her dating partner's national origin.

55. Little's repeated and consistent sexually discriminatory treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive.

56. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

57. Little was Plaintiff's direct supervisor during Plaintiff's employment with Defendant and Defendant did not try to prevent or promptly correct Little's harassing behavior.

58. Defendant's supervisor, Little, acted with intentional disregard for Plaintiff's rights as a female protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

   a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

   b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

   c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

   d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

61. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

62. Plaintiff brings this action for retaliation in violation of Title VII.

63. Plaintiff had been experiencing sexually discriminatory treatment at the hands of her supervisor Little due to her sex and/or the national origin of her dating partner.

64. Plaintiff complained about the offensive and unwelcomed sexual and derogatory comments to her supervisor Little on multiple occasions.

65. Instead of discontinuing the sexually discriminatory conduct, Little's harassment got worse and other people began to sexually harass Plaintiff as well.

66. As a result of Plaintiff's complaints, Defendant terminated her on or about November 4, 2019.

67. Plaintiff was advised that she was terminated because of a difference of opinion as to how to handle a dispute with a customer, which is pretextual.

68. Plaintiff's termination constitutes an adverse employment action under Title VII.

69. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

   a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT V: VIOLATION OF FCRA**
**(DISCRIMINATION BASED ON SEX)**

70. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

71. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

72. Plaintiff is a member of a protected class, to wit, female.

73. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment from her direct supervisor, Little, due to Plaintiff's sex.

74. Little constantly treated Plaintiff less favorably than Plaintiff's male co-workers. Specifically, Little ridiculed Plaintiff and made constant unwelcomed and offensive comments and questions about Plaintiff's love life but did not make such comments to Plaintiff's male co-workers.

75. Due to the disparate treatment inflicted on Plaintiff on the basis of her sex, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

76. On or about November 4, 2019, Plaintiff was advised that she was terminated due to a difference of opinion as to how to handle a dispute with a customer, which was pretextual.

77. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex was, at minimum, a motivating factor in Defendant's decision for her termination.

78. Defendant's supervisor, Little, acted with intentional disregard for Plaintiff's rights as female protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little.

79. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

80. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c.   The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VI: VIOLATION OF FCRA
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

81. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

82. Plaintiff brings this action under FCRA for damages caused by Defendant's disparate treatment of Plaintiff.

83. Plaintiff is a member of a protected class, to wit, female whose dating partner was of Egyptian decent.

84. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced a series of discriminatory treatment from her direct supervisor, Little, due to the national origin of the person Plaintiff was dating while employed with Defendant.

85. Little constantly treated Plaintiff less favorably than Plaintiff's male co-workers. Specifically, Little ridiculed Plaintiff and made constant unwelcomed and offensive comments and questions about the ethnicity of Plaintiff's dating partner but did not make such comments to Plaintiff's male co-workers whose dating partners that were not of Egyptian decent.

86. Due to the disparate treatment inflicted on Plaintiff on the basis of her dating partner's national origin, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

87. On or about November 4, 2019, Plaintiff was advised that she was terminated due to a difference of opinion as to how to handle a dispute with a customer, which was pretextual.

88. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's dating partner's national origin was, at minimum, a motivating factor in Defendant's decision for her termination.

89. Defendant's supervisor, Little, acted with intentional disregard for Plaintiff's rights as female whose dating partner was of Egyptian decent protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees.

90. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

91. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

e. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

  g. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

  h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII: VIOLATION OF FCRA
## (HOSTILE WORK ENVIRONMENT – SEXUAL HARASSMENT)

92. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

93. Plaintiff brings this action under FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying sexual harassment Defendant's supervisor inflicted on Plaintiff.

94. Plaintiff is a member of a protected class, to wit, female.

95. Since the beginning of Plaintiff's employment with Defendant, Plaintiff was subjected to constant and continual offensive and unwelcomed sexually discriminatory conduct from her direct supervisor, Little, due to Plaintiff's sex and/or her dating partner's national origin.

96. Little's repeated and consistent sexually discriminatory treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive.

97. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

98. Little was Plaintiff's direct supervisor during Plaintiff's employment with Defendant and Defendant did not try to prevent or promptly correct Little's harassing behavior.

99. Defendant's supervisor, Little, acted with intentional disregard for Plaintiff's rights as a female protected under FCRA. Defendant, by and through its officers, and/or

supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees.

100. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

101. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of Little and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII: VIOLATION OF FCRA
## (RETALIATION)

102. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

103. Plaintiff brings this claim for retaliation in violation of FCRA.

104. Plaintiff had been experiencing severe sexual harassment at the hands of her supervisor Little due to Plaintiff's sex and/or the national origin of her dating partner.

105. Plaintiff complained about the offensive and unwelcomed sexual and derogatory comments to her supervisor Little on multiple occasions.

106. Instead of discontinuing the sexually discriminatory conduct, Little's harassment got worse and other people began to sexually harass Plaintiff as well.

107. As a result of Plaintiff's complaints, Defendant terminated her on or about November 4, 2019.

108. Plaintiff was advised that she was terminated because of a difference of opinion as to how to handle a dispute with a customer, which is pretextual.

109. Plaintiff's termination constitutes an adverse employment action under FCRA.

110. Defendant's actions were done with malice, and with disregard for Plaintiff's rights protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Little and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CRYSTAL JOHNSON requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff CRYSTAL JOHNSON hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 3, 2021

> LAW OFFICES OF CHARLES EISS, P.L.
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 112
> Plantation, Florida 33324
> (954) 914-7890 (Office)
> (855) 423-5298 (Facsimile)
>
> By:   /s/ Charles M. Eiss
>       CHARLES M. EISS, Esq.
>       Fla. Bar #612073
>       chuck@icelawfirm.com
>       SHANNA WALL, Esq.
>       Fla. Bar #0051672
>       shanna@icelawfirm.com